IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LEANDREW LARONN MENEFEE,

        Plaintiff,

    v.

TIGARD POLICE DEPARTMENT;
TRI MET PUBLIC TRANSPORTAION;
and WASHINGTON COUNTY JAIL,

        Defendants.

Case No. 3:20-cv-01497-AC

ORDER TO DISMISS

MOSMAN, Judge.

    Plaintiff, an adult in custody at the Coffee Creek Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an Order entered this date, the Court granted Plaintiff's Application to Proceed *In Forma Pauperis*. However, for the reasons set forth below, the Court dismisses Plaintiff's Complaint.

1 - ORDER TO DISMISS

## BACKGROUND

In the caption of his Complaint, plaintiff identifies as defendants the "Tigard Police Department, Tri Met Public Transportation, & Washington County Jail." At page two of the Complaint, however, he lists the defendants as "Tigard Police Department Officer Fisher (official capacity)," "Tri Met Public Transportation Fair Inspectors of Washington Square Mall," and "Washington County Jail."

Plaintiff alleges that on September 19, 2019, he was detained and falsely arrested and taken to the Washington County Jail. Plaintiff does not allege Officer Harris participated in the detention and arrest, and does not identify any of the other officers involved. He alleges he was charged with interfering with an officer, that he was released on bail the next day, and that the charge was subsequently dismissed. By way of remedy, plaintiff seeks money damages.

Plaintiff also filed an "Emergency Ex Parte Motion for Injunctive Relief to Stop Irrepearable Harm" and a Motion for Appointment of Counsel. His motion for injunctive relief seeks his immediate release from custody.

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff

with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

### I. Procedural Deficiencies

Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." As noted, the defendants identified in the caption of plaintiff's Complaint differ from those identified at page two. Should plaintiff file an Amended Complaint curing the substantive deficiencies noted below, the Court advises plaintiff to clearly identify all intended defendants in the caption thereof.

### II. Substantive Deficiencies

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A plaintiff must also allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Here, plaintiff does not identify the individuals involved the alleged denial of his constitutional rights. Although he identifies Tigard Police Officer Fisher as a defendant at page two of the Complaint, plaintiff does not set forth any actions taken by this specific officer. Likewise, although plaintiff identifies "Fair Inspectors of Washington County Square Mall," he does not identify the individual fair inspectors or their involvement in his arrest.[1]

"Persons" under 42 U.S.C. § 1983 are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself. *Vance v. County of Santa Clara*, 928 F.Supp. 993, 995-96 (N.D. Cal. 1996). The "Washington County Jail" is managed by and/or a department of Washington County, but it is not a "person" subject to suit under § 1983; likewise the "Tigard Police Department" which is manages by and/or a department of the City of Tigard. *See e.g., United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) ("municipal police departments and bureaus are generally not considered 'persons' within the meaning of Section 1983"); *Rodriguez v. Cnty. of Contra Costa*, Case No. C 13-02516 SBA, 2013 WL 5946112 at *3 (N.D. Cal. Nov. 5, 2013) ("[a]lthough municipalities, such as cities and counties, are amenable to suit under *Monell*, sub-departments or bureaus of municipalities, such as the police departments, are not generally considered 'persons' within the meaning of § 1983") (citing *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995)). Therefore, plaintiff

---

[1] The use of "Doe Defendants" is generally disfavored in federal court because, as a practical matter, it is usually impossible to serve a summons and pleading on an anonymous defendant. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Nonetheless, the use of Doe Defendants may be necessary when a plaintiff cannot discover the identity of the defendant before filing the operative pleading. The burden of identifying and serving any defendant remains at all times on the plaintiff, however, and the court will not undertake to investigate the name and identity of an unnamed defendant.

cannot pursue any § 1983 civil rights claims against the "Washington County Jail" or the "Tigard Police Department."

To the extent plaintiff intends to assert a claim against the "TriMet Public Transportation," his allegations are also insufficient. A municipal entity is liable under § 1983 only if the plaintiff alleges his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell*, 436 U.S. at 691 (1978). TriMet Public Transportation may not be held vicariously liable under § 1983 simply based on allegedly unconstitutional acts of its employees. *Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691. Instead, the municipalities may be held liable "when execution of a government's policy or custom . . . inflicts the injury." *Monell*, 436 U.S. at 694. Plaintiff does not allege facts supporting a claim that the actions allegedly taken in this case amounted to execution of a government policy or custom. Accordingly, plaintiff's claims against TriMet Public Transportation must be dismissed.

### III.    Motion for Preliminary Injunction

The Court DENIES plaintiff's Motion for Preliminary Injunction as plaintiff has not established a likelihood of success on the merits. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiff cannot obtain a temporary restraining order or injunction to compel his release from custody. A writ of habeas is the exclusive remedy for a prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) ); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("we hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate

release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). Because a petition for writ of habeas corpus is the exclusive method by which a prisoner may seek release from custody, a temporary restraining order or injunction in a civil rights action is inappropriate.

## IV. Motion for Appointment of Counsel

Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(e), this Court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. *Agyeman v. Corrections Corporation of America*, 390 F.3d 1101, 1103 (9th Cir. 2004) (citing *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984)). While the Court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. *Mallard v. U.S. Dist. Court of Iowa*, 490 U.S. 296, 301-08 (1989).

In order to determine whether exceptional circumstances exist, the Court evaluates "the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under [former] section 1915(d)." *Wilborn*, 789 F.2d at 1331; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

In this action, plaintiff has demonstrated sufficient ability to articulate his claims. As noted, this case involves allegations of false imprisonment; the facts and legal issues involved are not of substantial complexity to necessitate appointment of counsel. Accordingly, at this stage of the

proceeding, there are no exceptional circumstances that require the appointment of counsel under § 1915(e).

## CONCLUSION

Based on the foregoing, the Court DISMISSES Plaintiff's Complaint. Plaintiff may file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an Amended Complaint shall result in the dismissal of this proceeding, with prejudice.

The court DENIES plaintiff's Emergency Ex Parte Motion for Injunctive Relief (ECF No. 4) and Motion for Appointment of Counsel (ECF No. 5).

IT IS SO ORDERED.

DATED this  6th  day of November, 2020.

*Michael W. Mosman*
Michael W. Mosman
United States Magistrate Judge